# THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN PARR, Respondent, v. MARGARET S. PARR, Appellant.

49  473
121a  679

*A county judge has no power to make orders relating to the care, custody and control of infants.*

APPEAL from an order made by the county judge of Albany county in this proceeding, instituted by the relator to obtain the custody of John T. Parr, an infant of about ten years of age, who was in the custody of the appellant, his mother, which ordered and adjudged that all restraint imposed upon the said John T. Parr by the said Margaret S. Parr be and it is hereby removed, and the said Margaret S. Parr is prohibited from imposing any restraint upon the liberty of the said John T. Parr. And it is further ordered, that the custody of said child, John T. Parr, be and is hereby awarded to his father, the relator, John Parr; and the said John Parr is authorized to take the custody of said child, John T. Parr, and to support and maintain said John T. Parr.

The court at General Term said : " The principal question in this case was decided by this court in *Williams* v. *Corey* (46 Hun, 408). We see no reason to disturb that decision. The relator urges, however, that that part of the order which releases the child from the custody of the mother is not within the doctrine in the case above cited. He claims that so much of the order is simply the exercise of the ordinary right to discharge from imprisonment one who is unlawfully confined. But we cannot so consider it. There is no unlawful imprisonment in this case. The child would be properly within the custody either of the father or the mother. And a decision releasing the child from the mother's custody is really a decision that the father is entitled to the custody. The contest is plainly one between the two parents, and any decision must uphold the right of one or of the other. That part of the order which discharges the child from the mother's custody is as much within the condemnation of the case above cited as that which awards the custody to the father.

" The order, therefore, must be reversed, in all respects, and the proceedings dismissed without prejudice to any other proceedings before a proper tribunal; no costs to either party."

*George H. Stevens*, for the appellant.

*E. J. Meegan*, for the respondent.

Mem. by LEARNED, P. J.; LANDON and INGALLS, JJ., concurred.

Order reversed, in all respects, and proceedings dismissed without prejudice to any proceeding before proper tribunal; no costs.